# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 296 | **DATE** | 9/25/2000 |
| **CASE TITLE** | Ringwald vs. County of Dupage, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for class certification (9-1). Discovery is ordered closed on 4/30/01. Pretrial order will be due by 5/31/01. Response to any motions in limine due by 6/14/01. Pretrial conference set for 6/29/01 at 4:00 p.m. Trial set for 7/9/01 at 9:30 a.m.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 25 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 2 6 2000 date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | FILED FOR DOCKETING 9/25/2000 | |
| MPJ | courtroom deputy's initials | | 00 SEP 25 PM 4:35 date mailed notice MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD RINGSWALD )
)
       Plaintiff, )
)
v. ) No. 00 C 296
)
COUNTY OF DUPAGE, )
JOHN E. ZARUBA, Sheriff of )
DuPage County, Illinois )
)
       Defendants. )

DOCKETED SEP 26 2000

## MEMORANDUM OPINION AND ORDER

Richard Ringswald was arrested on October 23, 1999 and taken into custody at the DuPage County Jail, where Sheriff Zaruba is the executive officer responsible for the daily operation and policies of the jail. In addition to the bail set by the Circuit Court of DuPage County, Mr. Ringswald was required to pay a nonrefundable $15 fee to secure his pretrial release. It is DuPage County's policy to collect this fee from every person who posts bond at the DuPage County Jail. Mr. Ringswald claims that charging this "sheriff's fee" in addition to a court-imposed bond to be released from jail violates the United States and Illinois Constitution and sues the County of DuPage and its Sheriff. Mr. Ringswald moves for class certification as a Rule 23(b)(3) action for damages, and I grant the motion.

18

I.

Rule 23(a) of the Federal Rules of Civil Procedure provides for certification of a class when: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Shvartsman v. Apfel*, 138 F.3d 1196, 1201 (7th Cir. 1998). This is a class action for damages under Rule 23(b)(3). The showing for a Rule 23(b)(3) certification is that: (1) common issues of law and fact predominate and (2) a class action is superior to other forms of adjudication. *Warnell v. Ford Motor Co.*, 189 F.R.D. 383, 386 (N.D. Ill. 1999). The parties seeking class certification assume the burden of demonstrating that certification is appropriate. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). I assess whether the class should be certified without regard to the merits, *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997).

II.

Mr. Ringswald seeks to certify and represent the class of "[a]ll DuPage County pretrial detainees who were required to pay a sheriff's fee for the processing of their criminal bail bonds prior to January 1, 2000." This is a readily identifiable class of which Mr. Ringswald is a member.

Mr. Ringswald claims that hundreds of detainees were charged the allegedly unlawful fee, so joinder is impracticable and numerosity satisfied. Mr. Ringswald offered no evidence in support of the number of plaintiffs he estimates in his original motion, so DuPage claims he has not met his burden. Naked speculation as to the size of a class generally do not suffice, *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir. 1976), but Mr. Ringswald offers in his reply evidence that over 5,000 felony cases and 33,000 misdemeanors (which include DUI cases) were filed in 1996 alone.[1] Presumably, most of the felony defendants were arrested and released on bond, as may well have been a significant portion of those arrested for misdemeanors. Moreover, I need not abandon common sense in determinating numerosity. *Patrykus v. Gomilla*, 121 F.R.D. 357, 360 (N.D. Ill. 1988). DuPage is a county with a population of close to

---

[1] Summary of Cases Filed According to Category From 1964 to 1995 from DuPage County's website.

a million, and the DuPage County Sheriff's Office "directly services the unincorporated areas of the county with a population of 111,388 (1994 census)." (Source: http://www.dupageco.org/sheriff). I take judicial notice that arrests and releases likely occur on a daily basis, and DuPage does not deny that detainees are charged a bond fee. Based thereon, Mr. Ringswald's estimate that the proposed class would include hundreds of people is reasonable. While there is no threshold or magic number at which joinder is impracticable, a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes. *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995); *see also Massie v. Illinois Department of Transportation*, 1998 WL 312021, *2 (N.D. Ill. 1998)(certifying class of 53); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996)(certifying class of 18). It certainly is reasonable to conclude that at least forty people have been arrested and charged the "sheriff's fee." A class action is also an appropriate vehicle to address what is alleged to be a systemic problem, as due to the small size of the fee amount, class members are unlikely to bring separate claims.

Mr. Ringswald claims that the class issues involve the same set of operative facts and legal issues, mainly whether the

collection of bond fees unconstitutional. DuPage claims that Mr. Ringswald lacks standing because his friend tendered the bond fee to the Sheriff to secure his release. Therefore, Mr. Ringswald has suffered no financial injury so has no standing and cannot represent a class of plaintiffs that did pay the fee. This is silly. Mr. Ringswald alleges that his friend paid his money on his behalf, so it is he who suffered the loss. Most, if not all, people who are locked up in jail similarly have someone else pay their bond -- and any sheriff's fee -- for them. Mr. Ringswald's complaint alleges standardized conduct by the defendants toward members of the proposed class of pretrial detainees. *Patterson v. General Motors Corp.*, 164 F.2d 476, 481 (7th Cir. 1980). Therefore, common questions of law and fact exist, and commonality is met.

Typicality is met under Rule 23(a)(3) when the claim arises from the same event, practice or course of conduct that gives rise to the claims of the other class members and is based upon the same legal theory as the other class claims. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)(citation omitted). The plaintiffs here allege identical legal theories based on similar fact patterns, that they were arrested and detained until they could pay not only their court-determined bail but a bond fee imposed by the

DuPage County Sheriff.

The defendants pose two related challenges to typicality. First, they allege that the claims of the named plaintiffs with cases currently pending are barred under the *Younger* abstention doctrine. Second, they argue that because plaintiffs did not raise these claims in their previous state proceeding, they are collaterally estopped from doing so now. *Walker v. Cockrell*, 110 Ill.App.3d 562 (1982). The *Younger* abstention doctrine prevents federal courts from enjoining state criminal proceedings, not from dealing with peripheral matters which the defendant could not raise as a defense, which are unrelated to any ultimate issues of guilt or innocence and would not impact the decision of the state trier of fact.[2] Nor am I certain that this administrative fee is part of

---

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), a state criminal defendant filed a federal complaint alleging that the statute underlying his state prosecution violated the Constitution and asking that its enforcement be enjoined. In doing so, he attempted to escape the state system and reframe the issues on his own terms in federal court, converting what would ordinarily be a defense to criminal prosecution into an affirmative claim for relief. The Supreme Court held that, under these circumstances, the federal court should abstain from hearing the case, based on principles of equity, comity and federalism. *Id.* 401 U.S. at 43-44, The *Younger* decision was very much grounded in the basic equity doctrine that courts should not enjoin ongoing criminal prosecutions when the moving party has an adequate remedy at law and will not suffer irreparable harm, and in the manifest importance of the states' role in the enforcement of criminal laws. *Id.*

the bond and so capable of being raised in the state proceeding. Regardless, this legal argument whether abstention or estoppel is appropriate goes to the merits, which I do not review in a motion for class certification. Moreover, the results of the DuPage's arguments seem slightly absurd. Under this line of reasoning, federal courts would always lack jurisdiction in any civil case in which a detainee is charged in a criminal proceeding. Plaintiffs who were former criminal defendants should have raised the claim in their state proceeding below, and, if they did not, they are estopped from raising it now. This is not the law, and in any event, it is a defense which is likely to be common to nearly all of the plaintiffs. Therefore, both Mr. Ringswald's claim and DuPage's defenses are typical of the proposed class.

The fourth prerequisite to class certification under Rule 23(a)(4) is that the representative party will fairly and adequately protect the interests of the class. To satisfy this requirement, the interests of the class representative must coincide with those of the rest of the class, and the class representative and his attorney must be prepared to prosecute the action vigorously and with adequate financial commitment. *Grossman*, 100 F.R.D. at 789-90. DuPage does not challenge plaintiff's counsel's qualifications, and based on his pleadings, I have no

reason to doubt counsel can prosecute this action. Mr. Ringswald's interest in this case is virtually identical with those of the entire class. There is no reasonable basis to conclude that any potential antagonism exists, or that the named plaintiffs lack standing or that they will not vigorously pursue this litigation. DuPage raises the arguments I rejected above as to Mr. Ringswald's ability to represent the class. I do so again. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) ("[F]actual variations among class members' grievances do not defeat a class action."). Mr. Ringswald seeks relief that is directed to all class members, so he is an adequate representative.

Finally, Mr. Ringswald seeks to certify this class under Rule 23(b)(3). DuPage objects that the class is too fractured because of differing questions of law and fact between the class members, specifically that it has available the defenses of *Younger* abstention, collateral estoppel, and lack of standing. As explained above, I disagree that any of these will act to prevent a cohesive class. Common questions of law and fact appear to predominate, and a class action is clearly superior given the circumstances. Former detainees are unlikely, and probably unable, to pursue individual claims of less than $20, particularly if they are in the midst of

criminal proceedings, which presumably will take precedence. Proceeding as a class action will prevent duplicative trials and promote efficiency of resources; ultimately, it serves the interest of the judiciary, the plaintiffs and even the defendants to deal with these issues in a single forum.

I GRANT the plaintiff's motion to certify the class.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated: September 25, 2000